People v Chalise B. (2025 NY Slip Op 04366)

People v Chalise B.

2025 NY Slip Op 04366

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

507 KA 23-01577

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHALISE B., DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 25, 2023. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her, upon her plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that County Court abused its discretion in denying her request to adjourn sentencing to allow defense counsel more time to research whether the Domestic Violence Survivors Justice Act (DVSJA) applied in this case. We reject that contention.
" 'A granting of an adjournment for any purpose is a matter of discretion for the trial court' " (People v Williams , 302 AD2d 903, 903 [4th Dept 2003], quoting People v Singleton , 41 NY2d 402, 405 [1977]). Under the circumstances here, where the defense had almost five months after entering a plea to research the issue, yet waited until the day of sentencing to request time to meet with a DVSJA expert to ascertain whether the statute might apply in the present case, the court did not abuse its discretion in denying defendant's request (see generally id. ; People v Payne , 176 AD2d 827, 827 [2d Dept 1991], lv denied 79 NY2d 862 [1992]).
We reject defendant's further contention that her sentence is unduly harsh and severe.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court